**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANJUM NAWAZ KHAN, | No. 14-35624 |
| Petitioner - Appellant, | D.C. No. 2:13-cv-02295-BJR |
| v. | |
| PAT GLEBE, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Barbara Jacobs Rothstein, Senior District Judge, Presiding

Submitted December 9, 2015[**]
Seattle, Washington

Before: HAWKINS, McKEOWN, and TALLMAN, Circuit Judges.

Washington state prisoner Anjum Nawaz Khan appeals the denial of his 28

U.S.C. § 2254 habeas corpus petition, challenging his 2010 conviction for second-

degree rape. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. Because the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Washington Supreme Court neither unreasonably applied *Strickland v. Washington*, 466 U.S. 668 (1984), nor unreasonably determined the facts when dismissing Khan's petition, we affirm.

To succeed on his ineffective assistance claim, Khan had to demonstrate that his trial counsel's performance was deficient and resulted in prejudice. *See id*. at 687. Review of Khan's claim is limited to the record before the Washington Supreme Court. *Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011); 28 U.S.C. § 2254(d)(2).

We must uphold the state court's denial of Khan's petition unless it:

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Anti-Terrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington v. Richter*, 562 U.S. 86, 105 (2011).

1. The state court was not unreasonable in finding that Khan's trial counsel

2

was not deficient for failing to call Kenny Gibson as a witness. Khan's trial counsel spoke to Gibson on multiple occasions, met with him in person, and told the trial court days before Khan's trial that he was unsure whether Gibson's testimony would be helpful. These actions demonstrate an "adequate inquiry" into Gibson's testimony. *Gerlaugh v. Stewart*, 129 F.3d 1027, 1033 (9th Cir. 1997) ("A reasonable tactical choice based on an adequate inquiry is immune from attack under *Strickland*."). And the record provides at least one "reasonable argument" to explain why counsel may not have called Gibson to testify, *see Richter*, 562 U.S. at 105: a post-trial motion filed by Khan's new counsel within two months of the trial showed that Gibson's testimony may have contradicted Khan's testimony. Gibson's affidavit, written one-and-a-half years later, does not negate that reasonable argument. Accordingly, the state court's denial of Khan's claim on this ground was not contrary to or an unreasonable application of *Strickland*. *See* 28 U.S.C. § 2254(d)(1).

2. The state court reasonably concluded that Khan failed to prove his counsel was ineffective for not calling Don Anderson as a trial witness. Khan has the burden of showing that his counsel's performance was deficient. *See Strickland*, 466 U.S. at 687. To shoulder this burden, Khan had to demonstrate that his trial counsel knew of Anderson or should have known of Anderson. *Cf.*

3

*Cannedy v. Adams,* 706 F.3d 1148, 1161-62 (9th Cir. 2013) (finding that counsel's failure to interview a clearly identified, potentially favorable witness constituted deficient performance); *Avila v. Galaza,* 297 F.3d 911, 919 (9th Cir. 2002) (finding that counsel's failure to investigate eyewitnesses of whom he was aware rendered deficient performance). Khan alleged in his petition that he told his trial counsel about several witnesses who would have corroborated his version of events. This petition was unverified. The only support for Khan's unverified allegation that he told his counsel about Anderson is a post-trial letter Khan wrote to his counsel. The unsworn statement about Anderson in the post-trial letter, however, was insufficient to support Khan's allegation that his counsel was aware of Anderson. Accordingly, the state court was not objectively unreasonable in finding that Khan failed to provide evidence to overcome the strong presumption that his counsel's representation was reasonable. *See Burt v. Titlow*, 134 S. Ct. 10, 17 (2013) ("[T]he absence of evidence cannot overcome the strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance.") (internal quotations and citations omitted).

3. An evidentiary hearing on Khan's *Strickland* claim in district court was not warranted because Khan did not show that his counsel was deficient for failing to present Anderson and Gibson at trial. *Schriro v. Landrigan*, 550 U.S. 465, 474

4

(2007) ("It follows that if the record . . . precludes habeas relief, a district court is not required to hold an evidentiary hearing.").   Nor did Khan adequately proffer the factual basis of his claim.  *See Earp v. Ornoski,* 431 F.3d 1158, 1169 (9th Cir. 2005) (stating petitioner was entitled to an evidentiary hearing when he *adequately proffered the factual basis of his claim*, presented a colorable claim for relief, and did not previously receive a full and fair opportunity to develop the facts) (emphasis added).

Therefore, the state court's denial of Khan's petition was not objectively unreasonable under § 2254(d), and the district court did not abuse its discretion by denying Khan an evidentiary hearing.

**AFFIRMED.**